### COREY *v.* JAROCH.

1. JUDGMENT — RES ADJUDICATA — ACCOUNT STATED MAY NOT BE SPLIT AND MORE THAN ONE JUDGMENT OBTAINED.

   Where plaintiff split his demand, which was an account stated, and began two actions thereon in justice's court, judgment in one was *res adjudicata* of the pending case and was a bar to its further prosecution.[1]

2. ACCOUNT STATED—ACCOUNT ACCEPTED BY DEBTOR BECOMES ACCOUNT STATED.

   When an account is stated in writing by a creditor and accepted as correct by the debtor, either by payments thereon without demur or by failure within a reasonable time to question the state of the account as presented, it becomes an account stated.[2]

Error to Wayne; Johnson (Clayton G.), J., presiding. Submitted October 22, 1924. (Docket No. 123.) Decided December 10, 1924.

Assumpsit in justice's court by Charles C. Corey against Walter J. Jaroch, doing business as the Wolverine Coal Company, for goods sold and delivered. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Don D. Williams* and *John Boughton,* for appellant.
*Arthur A. Koscinski* and *Robert J. Wojcinski,* for appellee.

WIEST, J. Plaintiff had an unquestioned demand against defendant amounting to $583.50, balance due

[1]Judgments, 34 C. J. §§ 1239, 1242; Actions, 1 C. J. § 290; [2]Accounts and Accounting, 1 C. J. §§ 271, 276.

On effect of retaining statement of account to render it an account stated, see notes in 29 L. R. A. (N. S.) 334; L. R. A. 1917C, 447.

As to what is a reasonable time within which to object to an account so as to prevent its becoming an account stated, see note in 18 A. L. R. 887.

for coal in car load lots.    November 5 and December 6, 1921, and January 4, 1922, plaintiff sent defendant statements of account showing charges and credits with dates.    Defendant made some payments thereon, the last February 2, 1922, leaving then due the amount above stated.    Defendant never questioned the account and by payments admitted the correctness thereof.    February 14, 1922, plaintiff split his demand and commenced two suits against defendant in the justice's court for the city of Detroit; one for $458 and the other for $125.

Suits there are started by *praecipe*, filed with the entry clerk, and in the order of filing each case is given a number and assigned in rotation to justices.    The two suits were commenced, one immediately after the other, and judgment for plaintiff was rendered first in the second suit commenced.

Upon rendition of such judgment defendant paid it and amended his plea in the pending case, set up the fact of judgment, asserted the splitting by plaintiff of his demand on an account stated, that both suits were for an indivisible cause of action and the judgment rendered was *res adjudicata* of the pending case.    The case was tried and plaintiff had judgment and defendant appealed to the circuit, where judgment passed for defendant by direction of the court, on the ground that plaintiff's account against defendant, by reason of statements rendered and payments thereon made, became a demand on an account stated, could not be split for the purposes of two suits and the first judgment was a bar to further prosecution of this suit.    By writ of error plaintiff seeks reversal, insisting his demand was on an open account and not an account stated.

We think his demand was on an account stated. Three monthly statements, each inclusive of the state of the account, by specific items of debit and credit, were sent out and accepted as correct by defendant.

Defendant had no defense thereto and by payments without questioning the correctness thereof confessed his liability. When an account is stated in writing by the creditor and accepted as correct by the debtor, either by payments thereon without demur or by failure within a reasonable time to question the state of the account as presented, it becomes an account stated, and as such is a single or entire demand and must be so sued and cannot be made the cause for more than one right of action. Plaintiff had but a single right of action and that right when pressed to judgment, whether in the first or second suit commenced, exhausted his remedy and barred further prosecution of the other. *A. Krolik & Co.* v. *Ossowski,* 213 Mich. 1. Plaintiff has placed it beyond the power of the court to aid him in making defendant pay his honest debt.

The judgment is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.