MARSH *v.* BARNARD.

1. TRIAL—DIRECTED VERDICT.
   Plaintiff was not entitled to a directed verdict without giving defendant an opportunity to put in his proofs.[1]

2. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT NECESSARY TO BRING SAID QUESTION BEFORE SUPREME COURT.
   No motion for a directed verdict having been made at the close of the proofs, whether plaintiff was entitled to a directed verdict is not before the Supreme Court, nor may it consider questions which could only be raised by such motion.[2]

[1]Trial, 38 Cyc. p. 1586; [2]Appeal and Error, 3 C. J. § 745.

3. CONTRACTS—REAL PARTY IN INTEREST—EVIDENCE.

Receipts signed by plaintiff in her husband's name during his lifetime justified the jury in finding that he was the owner of the business rather than plaintiff, and that she was, therefore, not the real party in interest in an action for a debt contracted in his lifetime.[3]

4. PARTIES—REAL PARTY IN INTEREST—PLEADING.

Defense that plaintiff is not the real party in interest, as required by 3 Comp. Laws 1915, § 12353, is available under a plea of the general issue.[4]

5. CONTRACTS—EVIDENCE—PLEADING.

Testimony that the contract sued on was between plaintiff and witness, and that defendant was not a party to it was admissible under a plea of the general issue; said defense not being an affirmative one.[5]

6. APPEAL AND ERROR—SUBMISSION OF QUESTION TO JURY.

The claim of plaintiff that the trial court was in error in withdrawing from the jury items of her account which antedated the filing of the certificate required by 2 Comp. Laws 1915, § 6349 et seq., is without merit, where it appears that the ruling that she could not recover for such items was changed later, and the items submitted to the jury.[6]

7. WITNESSES—TRUTHFULNESS OF WITNESS FOR JURY.

If the jury was satisfied that a witness had not testified truthfully on a material question, they were not bound to accept the testimony of said witness on other subjects.[7]

8. APPEAL AND ERROR—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.

The Supreme Court will not reverse for refusal to grant a new trial on the ground that the verdict was against the weight of the evidence unless it can be said that the verdict is against the overwhelming weight of the evidence.[8]

9. SAME—OPINION OF TRIAL JUDGE SHOULD BE CONSIDERED.

In considering whether the trial court erred in denying a motion for a new trial because the verdict was against the weight of the evidence, due weight should be given the opinion of the trial judge who heard and saw the witnesses.[9]

---

[3]Contracts, 13 C. J. § 976; [4]Pleading, 31 Cyc. p. 691 (Anno); [5]Contracts, 13 C. J. § 872; [6]Appeal and Error, 4 C. J. §§ 2287, 2662; [7]Trial, 38 Cyc. p. 1521; Witnesses, 40 Cyc. p. 2586; [8]Appeal and Error, 4 C. J. § 2875; [9]Id., 4 C. J. § 2875.

10. ACCOUNT STATED—TRIAL—INSTRUCTIONS.
  Whether the account sued on became an account stated, *held*, submitted to the jury under proper instructions.[10]

11. APPEAL AND ERROR—ARGUMENT OF COUNSEL—PROPER PRACTICE TO INCLUDE IN RECORD.
  If counsel desired the stenographer to take the argument of counsel, so that the question of intemperate argument therein could be presented to the Supreme Court, he should have so requested and perfected the record.[11]

Error to Wayne; Codd (George P.), J.   Submitted June 15, 1926.   (Docket No. 135.)   Decided October 22, 1926.

Assumpsit by Ella B. Marsh, doing business as the Michigan Brief & Record Company, against Edward N. Barnard for services rendered.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Perry A. Maynard (J. H. M. Alexander, of counsel),* for appellant.

*Edward N. Barnard, in pro. per.*

FELLOWS, J.   Plaintiff brings this suit to recover of defendant, an attorney, the balance claimed to be due her amounting to $1,213.15 for printing records and briefs for him in cases in this and other appellate courts.   The largest item in the bill of particulars is for printing the record in *People* v. *Greeson,* reported in 230 Mich. at page 124.   This item alone amounts to $793.49.   As to this item, defendant insisted in his defense in the court below that this record was printed by plaintiff under an express agreement with Dora Greeson, sister of defendant in that case, that she would pay for the same, and that defendant here informed plaintiff before she undertook the work that he would in no way assume any responsibility for

[10]Accounts and Accounting, 1 C. J. § 403; [11]Appeal and Error, 4 C. J. § 2318.

the payment of her bill.    As to the other items he insisted that plaintiff was not the real party in interest; that the business belonged to plaintiff's husband before his death and that after his death she took possession and control of it without right and was not entitled to recover for what rightfully belonged to the estate of her deceased husband.    Both defenses were vigorously controverted by plaintiff, who claimed the contract for printing the Greeson record was made with defendant and with him alone, and that the business belonged to her before her husband's death and was hers now.    These conflicting claims were submitted to a jury who found for defendant.

Plaintiff's counsel here insist that the trial court should have directed a verdict for plaintiff for the full amount of her claim, and also assign error upon overruling their motion for judgment *non obstante veredicto*.    The reason given by the trial judge for overruling this motion was that plaintiff made no motion for a directed verdict.    The record confirms this statement.    At the close of plaintiff's proofs and before defendant had had any opportunity to put in his testimony, plaintiff's attorney started to make a motion for a directed verdict but was interrupted. He made no such motion at the close of the proofs. Manifestly plaintiff was not entitled to a directed verdict without giving defendant an opportunity to put in his proofs.    No motion for a directed verdict having been made at the close of the proofs, the question of whether plaintiff was entitled to a directed verdict is not before us, nor can we consider questions which could only be raised by such a motion.    But we are not satisfied such a motion should have been granted had it been made.

Plaintiff's husband (E. W. Marsh) died October 15, 1922.    On November 4, 1922, plaintiff filed in the office of the county clerk the certificate required by

Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, §
6349 *et seq.*), reciting that she was conducting busi-
ness under the name of "Michigan Brief & Record
Company."    No such certificate had been filed before
that time so far as the record discloses.    Upon the
trial of this case she claimed to be the sole owner of
the business and that she was the sole owner before
her husband's death and during the entire period
covered by the dealings with defendant.    But she was
confronted with several receipts for payments made
on accounts for printing done during the lifetime of
her husband which she admitted were in her hand-
writing and to which she had signed her husband's
name, E. W. Marsh.    We think the jury were justified
in finding that her husband was the owner of the
business in his lifetime when she signed his name to
these receipts, and, if so, she, of course, was not the
real party in interest.    But plaintiff's counsel say this
defense may not be made under the general issue and
this claim is discussed at some length.    Since the
briefs were prepared in this case this court has
squarely held that such defense is available under a
plea of the general issue.    *Cox* v. *Railway,* 234 Mich.
597.

Plaintiff also insists that the testimony of Miss
Greeson was not admissible under a plea of the general
issue.    Her testimony was to the effect that plaintiff,
defendant and herself, met at defendant's office to
make arrangements about printing the record; that
defendant positively refused to become in any way
responsible for it, and that the contract was agreed to
between herself and plaintiff, and defendant was not
a party to it.    It should be obvious that it was com-
petent for defendant to show under a plea of the
general issue that he had no contract relations with
plaintiff for printing the Greeson record, as claimed
by her.    It was not an affirmative defense.

It is difficult to perceive how counsel can seriously

contend that the trial judge withdrew from the jury items of her account which antedated the filing of the certificate and thereby committed error.    The trial judge at first entertained the view that inasmuch as plaintiff claimed she was doing the business, and had not filed the certificate required by the act above cited, she could not under our decisions recover for the items furnished before the filing of such certificate and that such defense was available under a plea of the general issue.    But he later changed his mind, held that such defense was not permissible under the pleadings and submitted the items to the jury.

Plaintiff's counsel most urgently insist that the verdict and judgment work a miscarriage of justice and that the motion for a new trial based on the ground that the verdict was against the weight of the evidence should have been granted.    The principal item in plaintiff's claim was for printing the Greeson record.    As to who was liable for that item the testimony was in direct conflict, and the conflict was such that it could not be said that one or the other of the parties was mistaken.    The conflict was of such a character that the jury must accept the testimony of one and disbelieve the testimony of the other.    If the jury was satisfied one witness had not testified truthfully on a material question, they were not bound to accept the testimony of such witness on other subjects.    While this court has the power to reverse for refusal to grant a new trial for this reason and should exercise it when occasion requires, we must not substitute our judgment for the triers of the facts unless we can say that the verdict is against the overwhelming weight of the evidence.    In considering such question due weight should be given the opinion of the trial judge who heard and saw the witnesses.    In overruling the motion the trial judge said:

"The principal item charged against the defendant

was for the printing of the record in the case of *People* v. *Greeson.* There was a decided dispute as to the liability of the defendant in that regard. The witness Dora Greeson, who testified that it was her liability and that it was so understood by the plaintiff, told a very logical and convincing story, whereas the plaintiff's testimony was plainly inconsistent. The appearance of these two witnesses upon the stand, the testimony that they gave, and the way they gave it, fully justified, in my opinion, the jury in believing the testimony of the witness Greeson as against the testimony of the plaintiff."

We are not convinced that we should disturb the verdict of the jury on this ground.

Much space is taken in plaintiff's brief in the discussion of the question of an account stated. If plaintiff's testimony had gone unchallenged there would be much force in counsel's contention; but it has been pointed out that there was a sharp conflict between her and Miss Greeson which left the case in such a condition that the jury was not bound to accept her testimony at par. She now claims that the account became an account stated February 19, 1924, and that defendant agreed to pay the same, but she says that she held up delivery of the Greeson record until the middle of May and refused to deliver it until defendant promised to pay for it. The trial judge submitted this question to the jury under instructions conformable to our holding in *Corey* v. *Jaroch,* 229 Mich. 313. We find no error in his so doing.

Plaintiff's counsel complains of intemperate language in argument to the jury. It does not appear in the bill of exceptions. If counsel desired the stenographer to take the argument he should have asked him so to do and perfected his records. No other assignments of error merit discussion.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.