PEOPLE *v.* JAMES JOHNSON

1. CRIMINAL LAW — PERJURED TESTIMONY — INCONSISTENT STATE-
   MENTS.

   A defendant was not convicted by perjured testimony where
   the record disclosed only variance in complainant's testimony
   in the complaint, at preliminary examination, and at the trial.

2. CRIMINAL LAW—VOLUNTARINESS—HEARING—RIGHT TO TESTIFY—
   JUDICIAL OBLIGATION.

   The trial judge, in a hearing to determine the voluntariness of
   the defendant's confession, is under no obligation to advise
   the defendant that he has the right to take the stand for the
   limited purpose of making a record of his version of the
   taking of his confession.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J.  Submitted Division 1 July 28, 1970, at
Lansing.  (Docket No. 6,933.)  Decided August 27,
1970.

James Johnson was convicted of armed robbery.
Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1]  41 Am Jur, Perjury § 6 *et seq.*
[2]  30 Am Jur 2d, Evidence §§ 582–587.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM.   Defendant James Johnson was charged with armed robbery[1] and kidnapping.[2]   He was tried by a jury and was found not guilty of kidnapping, but was convicted of armed robbery and sentenced.

After leaving a bar, the complainant met defendant at the complainant's car and they left together, the complainant driving.   While in the car, the complainant gave some of his valuables to defendant. The complainant alleges that defendant held him up.   Defendant alleges that the complainant, apprehensive of robbery, asked defendant to take the valuables for safekeeping.

There are three issues raised on appeal.   First, whether the evidence failed to prove the guilt of the defendant beyond a reasonable doubt.   Our review of the record discloses sufficient evidence, if believed by the jury, to establish defendant's guilt beyond a reasonable doubt.   *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

The second issue is whether there was perjured testimony by the complaining witness which denied the defendant the fundamentals of a fair trial.   The record discloses variance in complainant's testimony in the complaint, at preliminary examination, and at trial.   It does not disclose perjury.[3]

The final issue on appeal is whether at the time of the *Walker* hearing, the court erred reversibly in not advising defendant of his right to take the stand for the limited purpose of making a record

---

[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).
[2] MCLA § 750.349 (Stat Ann 1954 Rev § 28.581).
[3] *People* v. *Williams* (1965), 1 Mich App 441, *leave to appeal denied* 377 Mich 705.

of his version of the taking of the confession. *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331. *Walker* imposes no such obligation on the trial court, nor do we find any case that does. Defendant was represented by able counsel and defendant makes no claim that his attorney did not fully advise him as to his rights. We find no error.

Affirmed.