PEOPLE *v* COOPER

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS HEARING—RIGHT TO TESTIFY—IN PROPRIA PERSONA DEFENDANT.
   A criminal defendant proceeding *in propria persona* need not be advised that he has the right to testify at a hearing to test the voluntariness of his confession without waiving his privilege against self-incrimination at the trial in chief.

2. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS HEARING—RIGHT TO TESTIFY—IN PROPRIA PERSONA DEFENDANT.
   An *in propria persona* defendant was not deprived of his constitutional rights by the trial court's failure to advise the defendant that he could testify at the hearing to determine the voluntariness of his confession without waiving his priv-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur 2d, Criminal Law § 367.
   29 Am Jur 2d, Evidence § 582 *et seq.*

ilege against self-incrimination at trial where the defendant
chose to proceed *in propria persona,* the trial court encouraged
the defendant to tell his version of the events, the defendant
has not shown that the results of the hearing would be dif-
ferent had he formally testified, and the findings of the hear-
ing were not clearly erroneous.

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted Division 1 February 7, 1972, at Detroit.
(Docket No. 11341.) Decided March 23, 1972. Leave
to appeal denied, 388 Mich 794.

Charles Cooper was convicted of larceny in a
building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Michael R. Muel-
ler,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and
*Daniel S. Seikaly,* Assistant Defender (Robert Bor-
ton, on the brief, acting under GCR 1963, 921), for
defendant on appeal.

Before: Bronson, P. J., and V. J. Brennan and
O'Hara,* JJ.

O'Hara, J. After a two-day jury trial, the defend-
ant was found guilty of larceny in a building, MCLA
750.360; MSA 28.592. On January 13, 1971, he was
sentenced to serve a term of not less than three nor
more than four years in prison. He appeals of right.

Defendant's in-custody confession was admitted as
part of the prosecution's case. The confession was
admitted after a *Walker* hearing during which the

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

trial court found that the confession had been made voluntarily. The defendant alleges error in the failure of the trial court to advise him of his right to testify at the *Walker* hearing without waiving his privilege against self-incrimination in the trial in chief. We have held previously that the trial court is not obliged to so instruct the defendant. *People* v *James Johnson,* 26 Mich App 314 (1970). Defendant distinguishes the present case by pointing out that in *Johnson* the defendant was represented by counsel, whereas in the present case the defendant proceeded *in propria persona.* We, however, point out that defendant voluntarily chose to proceed *in propria persona* by refusing the services of a court-appointed attorney. The record shows that the trial court scrupulously protected defendant's rights and encouraged him to give his version of what had occurred after his arrest. Defendant has not shown on appeal, nor by a motion for a new trial, that the result of the *Walker* hearing would have been different had defendant formally testified. The *Walker* hearing was not constitutionally infirm. The findings of the trial court at the *Walker* hearing were not clearly erroneous.

Defendant's final issue on appeal concerns the instructions of the trial court as to lesser included offenses. It is manifest that defendant's claim on this latter issue is without merit. *People* v *Stevens,* 9 Mich App 531 (1968); *People* v *Goldfarb,* 37 Mich App 57 (1971).

Affirmed.

All concurred.