PEOPLE v MERRIWEATHER

1. WEAPONS—EVIDENCE—FINGERPRINTS—DUE PROCESS—SUPPRESSION.
   Failure by police to dust a weapon for fingerprints did not deny a defendant convicted of carrying a concealed weapon due process because no evidence was suppressed or withheld by the prosecution.

2. CRIMINAL LAW—EVIDENTIARY HEARING—WARNING OF RIGHTS—RIGHT TO TESTIFY—JUDICIAL OBLIGATION.
   A trial judge has no obligation to advise a defendant in a criminal case that he has a right to testify at an evidentiary hearing regarding the voluntariness of statements made by the defendant and that such testimony cannot be admitted at a later trial.

3. CRIMINAL LAW—TRIAL—TRANSCRIPTS—CLOSING ARGUMENT—STIPULATION OF COUNSEL.
   A trial judge's excusal of a stenographer from recording final argument in a criminal trial on the stipulation of prosecutor and defense counsel was not error, although it is better practice to record final argument in view of the numerous appeals wherein the appellant claims that opposing counsel indulged in prejudicial argument (GCR 1963, 915.2[2]).

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 November 9, 1973, at Grand Rapids. (Docket No. 15734.) Decided December 6, 1973. Leave to appeal denied, 391 Mich —.

Samuel Merriweather was convicted of carrying a pistol in an automobile. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 225, 369.
[2] 29 Am Jur 2d, Evidence § 582 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 404.

*Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appeals Division, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and DANHOF and O'HARA,* JJ.

R. B. BURNS, P. J. Defendant was convicted by a jury of carrying a concealed weapon. MCLA 750.227; MSA 28.424. We affirm.

A gas station attendant notified police that he had observed a pistol in the front seat of a car he had just serviced. The police stopped the car and discovered a .22-caliber pistol.

The defendant claimed that his sister left the pistol in the car and that he did not have any knowledge of the presence of the pistol in the car.

Defendant claims he was denied due process of law because the police failed to dust the weapon for fingerprints.

The cases cited by the defendant to substantiate his position deal with prosecutors withholding evidence to the detriment of the defendant. In this case, there was no evidence suppressed or withheld and defendant's rights were not violated.

Defendant also claims that his rights were violated by the failure of the trial judge to advise him of his right to testify at his *Walker* hearing and that such testimony could not be admitted at a later trial. *People v James Johnson,* 26 Mich App 314; 182 NW2d 92 (1970), and *People v Cooper,* 39 Mich App 389; 197 NW2d 519 (1972), hold to the contrary.

The last claim of error raised by the defendant

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

concerns the waiver of recording the final arguments of counsel. Both the prosecutor and defense counsel waived the recording of final argument. The defendant now argues that such a right cannot be waived except by the defendant personally. The defendant cites for authority, *Hardy v United States,* 375 US 277; 84 S Ct 424; 11 L Ed 2d 331 (1964), that a complete transcript is needed for effective appellate advocacy. The case did not consider the issue of whether or not counsel could waive transcribing of counsel's argument. The Court of Appeals had allowed the defendant, an indigent, only a portion of the transcript. The Court held that the defendant, especially with different counsel representing him on appeal, was entitled to a complete transcript.

In *Marsh v Barnard,* 236 Mich 471, 477; 210 NW 478, 480 (1926), the Court stated, "If counsel desired the stenographer to take the argument he should have asked him so to do and perfected his record". The case left the decision of recording final argument to counsel.

GCR 1963, 915.2(2) states:

"The stenographer who commences to record a case shall take the record of the entire case unless he shows good cause for failure to do so, or is otherwise excused by the trial judge."

In the present case the stenographer was excused from recording final argument by the trial judge due to the stipulation of counsel. No error occurred, although in our opinion the better practice is to record final argument, especially in view of the numerous appeals wherein the appellant claims that opposing counsel indulged in prejudicial argument.

Affirmed.

All concurred.