*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KUIPER ORLEBEKE PC,

       Plaintiff-Appellee,

UNPUBLISHED
November 12, 2020

v

No. 348315
Kent Circuit Court
LC No. 17-010703-CZ

MATTHEW CREHAN,

       Defendant-Appellant.

Before: SAWYER, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's grant of summary disposition in favor of plaintiff under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

This case arises from defendant's failure to pay for legal services rendered by plaintiff. Plaintiff filed a complaint alleging claims for account stated, open account, breach of contract, and unjust enrichment. According to the complaint, plaintiff provided legal services to defendant, and sent invoices requesting payment in the amount of $57,476.47, but defendant did not pay the balance owed, resulting in an open account. Plaintiff attached an affidavit attesting to the amount defendant owed, along with an invoice detailing the services plaintiff rendered. Defendant filed an answer admitting that he received services from plaintiff, but he denied that the amount plaintiff requested was correct. Defendant did not attach an affidavit to his answer.

Plaintiff moved for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense) and (C)(10) (no genuine issue of material fact), arguing that it was entitled to summary disposition because defendant had failed to plead a valid defense and there was no genuine issue of material fact. Plaintiff argued that defendant's failure to file a counteraffidavit with his answer caused plaintiff's affidavit to be prima facie evidence of the indebtedness owed by defendant to plaintiff. Plaintiff further argued that there was no genuine issue of material fact because its unchallenged affidavit created prima facie evidence of defendant's indebtedness. Defendant replied and argued that, although he did not submit an affidavit, his answer to plaintiff's complaint contradicted the amount that plaintiff requested. Defendant did not provide an amount that he

believed was owed to plaintiff, but he denied that he owed the sum that plaintiff requested. Along with his responsive motion, defendant attached an affidavit disputing that he was indebted to plaintiff $57,476.47, and attesting that he provided substantial research to plaintiff in a previous case, which he contends should have been credited toward his bill.

The trial court analyzed the arguments only with respect to MCR 2.116(C)(10) and granted summary disposition to plaintiff on the basis of MCL 600.2145. The trial court also denied defendant's motion for reconsideration. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by granting summary disposition because (1) MCL 600.2145 was inapplicable, (2) plaintiff allegedly admitted that the amount it requested was incorrect, and (3) the parties agreed to facilitative mediation. We address each argument in turn.

## A. STANDARD OF REVIEW

We review the trial court's decision on a motion for summary disposition de novo. *Nicita v Detroit*, 216 Mich App 746, 750; 550 NW2d 269 (1996). Because the trial court only considered plaintiff's motion with respect to MCR 2.116(C)(10), we apply the following principles:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).]

Moreover, to the extent that certain of defendant's arguments are unpreserved, we review them for plain error. See *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.*, quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## B. ACCOUNT STATED

First, an "account stated" or "open account" is "an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance." *Leonard Refineries, Inc v Gregory*, 295 Mich 432, 437; 295 NW 215 (1940) (cleaned up). "[A]n open account, like an account stated, is premised on an express or implied contract." *Fisher Sand and Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 570; 837 NW2d 244 (2013). "An open account claim is not a breach of contract action for the sale of goods; it is an action to collect on the single liability stemming from the parties' credit

relationship regardless of the underlying transactions comprising the account." *Id*. "Importantly, an open account may be converted into an account stated." *Id*. at 554.

MCL 600.2145 governs proofs in an action on an open account or account stated. The statute provides:

> In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of such indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney, denying the same. If the defendant in any action gives notice, with his answer of a counterclaim founded upon an open account, or upon an account stated, and annexes to such answer and notice a copy of such account, and an affidavit made by himself or by someone in his behalf, showing the amount or balance claimed by the defendant upon such account, and that such amount or balance is justly owing and due to the defendant, or that he is justly entitled to have such account, or said balance thereof, set off against the claim made by said plaintiff, and serves a copy of such account and affidavit, with a copy of such answer and notice, upon the plaintiff or his attorney, such affidavit shall be deemed prima facie evidence of such counterclaim, and of the plaintiff's liability thereon, unless the plaintiff, or someone in his behalf, within 10 days after such service in causes in the circuit court, and before trial in other cases, makes an affidavit denying such account or some part thereof, and the plaintiff's indebtedness or liability thereon and serves a copy thereof upon the defendant or his attorney, and in case of a denial of part of such counterclaim, the defendant's affidavit shall be deemed to be prima facie evidence of such part of the counterclaim as is not denied by the plaintiff's affidavit. Any affidavit in this section mentioned shall be deemed sufficient if the same is made within 10 days next preceding the issuing of the writ or filing of the complaint or answer. [MCL 600.2145.]

"If an account stated exists, an unanswered affidavit under MCL 600.2145 creates a prima facie case that the party failing to respond owes the other party the amount stated." *Echelon Homes, LLC v Carter Lumber Co*, 261 Mich App 424, 435; 683 NW2d 171 (2004), rev'd on other grounds 472 Mich 192 (2005).

In this case, plaintiff filed its complaint on November 28, 2017. The affidavit of account attached to the complaint is dated November 17, 2017. Under MCL 600.2145, "[a]ny affidavit in this section mentioned shall be deemed sufficient if the same is made within 10 days next preceding the issuing of the writ or filing of the complaint or answer." Because plaintiff's complaint was filed 11 days after its creation, the affidavit cannot be considered sufficient to establish "prima facie evidence of such indebtedness." *Echelon Homes*, 261 Mich App at 435. The trial court therefore erred in treating plaintiff's affidavit as prima facie evidence of defendant's indebtedness.

We conclude, however, that summary disposition under MCR 2.116(C)(10) was still appropriate. Nothing in MCL 600.2145 suggests that an affidavit from a creditor is a prerequisite to bringing a collection action; rather, the language of MCL 600.2145 eases a creditor's evidentiary burden as to the existence of an open account or account stated. In other words, MCL 600.2145 is not the only way to establish a claim for an open account or account stated:

> The conversion of an open account into an account stated, is an operation by which the parties *assent* to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts. That it has taken place, may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them. When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account. The parties may still impeach it for fraud or mistake. [*Fisher Sand and Gravel Co*, 494 Mich at 554-555.]

"[W]here a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Keywell and Rosenfeld v Bithell*, 254 Mich App 300, 331; 657 NW2d 759 (2002) (cleaned up). "When an account is stated in writing by the creditor and accepted as correct by the debtor, either by payments thereon without demur or by failure within a reasonable time to question the state of the account as presented, it becomes [an] account stated." *Corey v Jaroch*, 229 Mich 313, 315; 200 NW 957 (1924).

Accordingly, we conclude that plaintiff established its claim for an open account or account stated. Plaintiff attached to its complaint an invoice detailing money owed and services rendered from September 2014 to October 2016. Similarly, plaintiff attached a more detailed invoice to its motion for summary disposition establishing the services rendered, the rate and time at which those services were performed, and the amount charged to defendant's account. We also note that plaintiff's affidavit can still serve as evidence on which to grant summary disposition, MCR 2.116(G)(5); it just cannot be considered *prima facie* evidence of indebtedness under MCL 600.2145. Moreover, in defendant's response to plaintiff's request for admissions, defendant admitted that he retained legal services through plaintiff in 2014 and incurred charges for those services. He simply denied that the amount owed to plaintiff was $57,476.47.

In support of his argument that he did not owe plaintiff that much, defendant attached an affidavit to his response to plaintiff's motion for summary disposition. In his affidavit, defendant stated that plaintiff failed to credit to defendant's account any of the substantial amount of research conducted by defendant for use in three prior cases. As the trial court noted, however, this does not create a genuine issue of material fact. Defendant was required to "set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). Instead, defendant merely asserted a general allegation that, because he provided research for plaintiff, his bill should have been reduced. Defendant provides no evidence that he and plaintiff had agreed upon such a course of dealing. Without such an agreement, nothing prevented plaintiff from billing defendant for the entire time that its agents spent on defendant's case. In other words, defendant has not provided any evidence to refute that the amount requested by plaintiff is incorrect. Similarly, defendant admitted that he incurred charges for services and has not provided any evidence that he objected to the invoices within a reasonable time, which supports a finding that plaintiff established its

account stated. See *Fisher Sand and Gravel Co*, 494 Mich at 554-555; *Corey*, 229 Mich at 315. Defendant simply has not provided any evidence to contradict plaintiff's evidence. Because defendant did not establish a genuine issue of material fact, the trial court's grant of summary disposition under MCR 2.116(C)(10) was appropriate.

## C. REQUEST FOR ADMISSIONS

Next, defendant argues that plaintiff allegedly admitted that the amount it requested was incorrect. Defendant relies on the fact that plaintiff did not respond to his request for admissions. MCR 2.312 provides in relevant part:

> (A) Availability; Scope. Within the time for completion of discovery, a party may serve on another party a written request for the admission of the truth of a matter within the scope of MCR 2.302(B) stated in the request that relates to statements or opinions of fact or the application of law to fact, including the genuineness of documents described in the request . . . .

> (B) Answer; Objection.

> (1) Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. Unless the court orders a shorter time a defendant may serve an answer or objection within 42 days after being served with the summons and complaint.

"Thus, where a party *served* with a request for admissions neither answers nor objects to the request, the matters in the request are deemed admitted." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991) (emphasis added).

As the trial court noted, the "proof of service" at the bottom of defendant's request for admissions was not signed and the "unsigned proof of service section also does not state who purportedly made the service." MCR 2.107(A) requires that every party who has filed a pleading be served with a copy of every paper later filed in the action. MCR 2.107(D) requires proof of service "by written acknowledgement of service, or a written statement by the individual who served the documents verified under MCR 1.109(D)(3)." Defendant's proof of service does not identify who purportedly served plaintiff the request for admissions, it does not precisely identify who the request for admissions was sent to, nor does it bear defendant's signature. In other words, the proof of service does not adequately comport with MCR 2.107(D). Moreover, plaintiff denied ever receiving defendant's discovery requests during the hearing on plaintiff's motion for summary disposition. Although defendant appears to have filed the request for admissions with the trial court, there is no evidence that plaintiff actually received it. Plaintiff cannot be deemed to have admitted to the statements contained in the request for admissions because it was never served with such statements. See *Medbury*, 190 Mich App at 556.

## D. FACILITATIVE MEDIATION

Finally, defendant argues that an agreement by the parties to facilitative mediation precluded the trial court's grant of summary disposition in favor of plaintiff. Defendant, however, provides no caselaw in support of his argument that the option of facilitative mediation precluded summary disposition. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). "Generally, where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (cleaned up).

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Brock A. Swartzle