*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NOWAK & FRAUS, PLLC, doing business as
NOWAK & FRAUS ENGINEERS,

      Plaintiff-Appellee,

v

CITIDAL PARTNERS LTD, LLC, and CITIDAL
PARTNERS, LLC,

      Defendants-Appellants.

UNPUBLISHED
October 09, 2024
10:19 AM

No. 367102
Oakland Circuit Court
LC No. 2022-192437-CB

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendants, Citidal Partners Ltd, LLC, and Citidal Partners, LLC (collectively, Citidal)[1] appeal by leave granted[2] the order granting summary disposition under MCR 2.116(C)(10) in favor of plaintiff, Nowak & Fraus, PLLC, doing business as Nowak & Fraus Engineers ("NFE"). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Citidal is a real estate developer which sought to create "a mixed-use development in Orion Township, including medical, office retail, restaurant, and multi-family residential condominiums." Citidal engaged NFE, a professional engineering firm, in this endeavor. The parties met in early 2020, and as a result of the meeting created a "Work Authorization" document. NFE began working on Citidal's project pursuant to the Work Authorization.

---

[1] Citidal Partners Ltd, LLC, and Citidal Partners, LLC are two different corporate identities. But, we refer to them as a singular entity because they present the same arguments in the proceedings and are represented by the same counsel.

[2] *Nowak & Fraus PLLC v Citidal Partners LTD LLC*, unpublished order of the Court of Appeals, entered January 23, 2024 (Docket No. 367102).

From April 6, 2020, to June 21, 2021, NFE sent Citidal a series of invoices totaling $94,590.80. In a series of three checks, Citidal paid $38,000 of the total balance due. NFE sent Citidal a final invoice indicating its remaining total balance was $56,590.80. Citidal did not send another payment.

NFE filed suit alleging (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment/quantum meruit; (4) fraud in the inducement; and (5) account stated. It then moved for summary disposition under MCR 2.116(C)(10), which the trial court granted. The court later entered judgment in NFE's favor for $103,952.13, representing a return of its principal, contractual interest, and attorney fees. This appeal followed.

## II. SUMMARY DISPOSITION

Citidal argues that the trial court erred in granting NFE's motion for summary disposition because NFE failed to meet its burden by producing documentary evidence demonstrating there was no genuine question of fact as to its claims. We disagree.

### A. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120.

> In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

This case also involves the existence of a contract and its terms—of which this Court reviews de novo. *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006).

> Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement. When interpreting a contract, our primary obligation is to give effect to the parties' intention at the time they entered into the contract. To do so, we examine the language of the contract according to its plain and ordinary meaning. If the contractual language is unambiguous, courts must interpret and enforce the contract as written[.] [*Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016) (quotation marks and citations omitted).]

## B. LAW AND ANALYSIS

NFE moved for summary disposition of all five of its claims—breach of contract, promissory estoppel, unjust enrichment/quantum meruit, fraud in the inducement, and account stated. But, the trial court apparently only granted summary disposition on the basis of NFE's account stated claim. Account stated claims are among the collections actions recognized in Michigan. *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 553; 837 NW2d 244 (2013). "An account stated is a contract based on assent to an agreed balance[.]" *Id*. at 557 (quotation marks and citation omitted).

MCL 600.2145 sets forth the proofs necessary to make an account stated claim:

> In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of such indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney, denying the same. . . . Any affidavit in this section mentioned shall be deemed sufficient if the same is made within 10 days next preceding the issuing of the writ or filing of the complaint or answer. [MCL 600.2145.]

"If an account stated exists, an unanswered affidavit under MCL 600.2145 creates a prima facie case that the party failing to respond owes the other party the amount stated." *Echelon Homes, LLC v Carter Lumber Co*, 261 Mich App 424, 435; 683 NW2d 171 (2004), rev'd in part on other grounds 472 Mich 192 (2005).

Along with its complaint, NFE submitted an affidavit from Timothy Germain (the "Germain Affidavit"), managing partner and principal at NFE, attesting: "Citidal has paid $38,000.00 for the work performed by NFE on the Project, leaving a balance due and owing to NFE, over and above any set-off, in the amount of $56,590.80." In its answer to the complaint, Citidal attached an affidavit from Kale Roscoe (the "Roscoe Affidavit I"), managing partner for Citidal, stating: "The account has not become stated." Looking solely to the plain language of MCL 600.2145, Citidal sufficiently rebutted NFE's claim of an account stated because Roscoe Affidavit I denied Germain's claim of an amount due.

But, the statutory basis under MCL 600.2145 is not the only way to establish a claim for an open account or account stated. For example, in *Fisher Sand & Gravel*, 494 Mich at 554-555,

our Supreme Court explained that an open account[3] may transition to an account stated by operation of the common law:

> The conversion of an open account into an account stated, is an operation by which the parties assent to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts. That it has taken place, may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them. When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account. The parties may still impeach it for fraud or mistake. [quotation marks and citation omitted]

"[W]here a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 331; 657 NW2d 759 (2002) (citation omitted, alteration in *Keywell & Rosenfeld*). "When an account is stated in writing by the creditor and accepted as correct by the debtor, either by payments thereon without demur or by failure within a reasonable time to question the state of the account as presented, it becomes an account stated[.]" *Corey v Jaroch*, 229 Mich 313, 315; 200 NW 957 (1924).

Here, NFE presented evidence of the Work Authorization, which included the following clause:

> (A) All invoices are due upon receipt. All invoices shall be deemed to have been received within three (3) days after being deposited in first class U.S. mail bearing the address listed herein. Any claims of errors or discrepancies in billings must be submitted to Nowak & Fraus in writing within 30 days of receipt of the invoice. Otherwise, all such objections are deemed waived and the account will become stated. Payments shall not be withheld, delayed or made contingent on the construction, completion or success of the project or upon receipt by the Client of offsetting reimbursement or credit from third parties causing Additional Services or expenses.

NFE also provided several invoices showing the amounts charged, as well as three checks from Citidal to NFE totaling $30,000. NFE's evidence showed that (1) there was an agreement between the parties that any unchallenged amounts due would become an account stated; (2) an amount due existed under the Work Authorization; and (3) there were efforts by Citidal to fulfill the amount due. On the basis of this evidence, the burden shifted from NFE to Citidal to show a question of fact of the same. *Quinto*, 451 Mich at 362-363.

Citidal's argument in response to NFE's motion for summary disposition of the account stated claim was to generally deny that the account became stated. In support of its denial, Citidal

---

[3] "An open account is one which consists of a series of transactions and is continuous or current, and not closed or stated." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 357; 771 NW2d 411 (2009) (quotation marks and citation omitted).

again attached Roscoe Affidavit I, which denied that the account had become stated. But, as the trial court recognized, Citidal's (and Roscoe's) general denials were insufficient to establish a genuine question of material fact. Indeed, MCR 2.116(G)(4) states, in part:

> When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial.

Roscoe's affidavit was insufficient because it did not "set forth any specific facts showing that there is a genuine issue for trial," and instead relied on "mere . . . denials[.]" MCR 2.116(G)(4). Accordingly, Citidal did not meet its burden as the nonmoving party. Because Citidal failed to establish the existence of a genuine question of material fact, the trial court correctly granted NFE's motion for summary disposition of its account stated claim and judgment was properly granted in NFE's favor. Given this conclusion, we need not consider Citidal's other arguments concerning NFE's remaining claims.[4]

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett

---

[4] Citidal briefly raises a challenge to the trial court's imposition of attorney fees. We consider this argument abandoned for failure to raise a cognizable argument. *MOSES Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006) ("If a party fails to adequately brief a position, or support a claim with authority, it is abandoned.")