MEDBURY v WALSH

Docket No. 117892. Submitted June 12, 1991, at Lansing. Decided
August 6, 1991, at 9:00 A.M.

Seward J. Medbury brought an action in the Oakland Circuit
Court against Edmund J. Walsh and John W. Mars, Jr., alleg-
ing breach of contract, injury to business, false pretenses, and
fraud. The defendants served the plaintiff with a request for
admissions, interrogatories, and a request for production of
documents. The plaintiff did not answer, object, or seek an
extension. Three months later, following a hearing, the court,
Robert L. Templin, J., concluded that the plaintiff's failure to
respond to the request for admissions should be deemed an
admission and, on that basis, granted summary disposition for
the defendants. The plaintiff appealed

The Court of Appeals *held:*

The trial court properly found, under MCR 2.312, that the
matters contained in the request for admissions were deemed
admitted as a result of the plaintiff's failure to respond to the
request. Furthermore, the admissions properly formed the basis
for the order of summary disposition. The court did not abuse
its discretion in denying the plaintiff's motion to amend his
admissions.

Affirmed.

FITZGERALD, J., concurring, stated that incidents like the one
that occurred in this case could be alleviated by communication
between counsel for the parties.

*Edward R. Reagan,* for the plaintiff.

*Law Offices of Sullivan & Leavitt, P.C.* (by *Mar-
tin J. Leavitt* and *Andrew J. Haliw, III*), for the
defendants.

Before: McDONALD, P.J., and MACKENZIE and
FITZGERALD, JJ.

PER CURIAM. Plaintiff appeals as of right from

an order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm.

This case involves the imposition of sanctions under MCR 2.312, governing requests for admissions. Plaintiff filed a complaint against defendants on July 8, 1988, alleging breach of contract, injury to business, false pretenses, and fraud. On October 27, 1988, defendants served plaintiff with a document entitled "Requests for Admissions, Interrogatories and Request for Production of Documents." Plaintiff did not answer the requests or the interrogatories. Nor did plaintiff object to the requests or seek an extension.

Approximately three months later, on February 7, 1989, defendants filed their motion for summary disposition. Following a hearing, the trial court concluded that under MCR 2.312(B)(1) plaintiff's failure to respond to the request for admissions should be deemed an admission. On the basis of these deemed admissions, the trial court granted defendants' motion for summary disposition.

On appeal, plaintiff contends that the trial court erred in deeming the requested matters admitted. According to plaintiff, because the requests for admissions were contained in the same document as the interrogatories to plaintiff, the proper sanction for plaintiff's failure to answer the requests was the court rules' sanction for failure to answer interrogatories.

MCR 2.312 provides in pertinent part:

(B) Answer; Objection.
(1) Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request . . . the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. . . .

\*   \*   \*

(D) Effect of Admission.

(1) A matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission. For good cause the court may allow a party to amend or withdraw an admission. . . .

Thus, where a party served with a request for admissions neither answers nor objects to the request, the matters in the request are deemed admitted. Further, the admissions resulting from a failure to answer a request for admissions may form the basis for summary disposition. *Janczyk v Davis*, 125 Mich App 683, 690; 337 NW2d 272 (1983).

Here, it is undisputed that plaintiff did not respond to defendant's request for admissions within the twenty-eight-day period specified by the court rule, did not seek an extension of time to answer the request, and did not object to the form or content of the request before the hearing regarding defendants' motion for summary disposition. MCR 2.312(B)(1) clearly provides that this failure results in deeming admitted each matter with respect to which the request was made. We reject plaintiff's argument that he should instead have been sanctioned under the provisions for failure to answer interrogatories.

Plaintiff further contends that the trial court erred in refusing to allow him to amend his admissions under MCR 2.312(D)(1). As indicated above, MCR 2.312(D)(1) provides that the trial court may, for good cause, allow a party to amend an admission. It is within the discretion of the trial judge to allow an amendment, and the trial judge's decision will not be overturned absent an abuse of that discretion. *Janczyk, supra,* p 691. An abuse of

discretion will only be found if an unprejudiced person, upon considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling. *Rosselott v Muskegon Co,* 123 Mich App 361, 373; 333 NW2d 282 (1983).

The ruling of the trial court was justified under the circumstances of this case. Plaintiff took no action regarding defendants' request for admissions for more than three months. The trial court correctly denied plaintiff's motion for rehearing of defendants' motion for summary disposition, and there was no abuse of discretion by the trial court in denying plaintiff leave to amend admissions.

Affirmed.

FITZGERALD, J. *(concurring).* I write separately to address a problem that is occurring in this age of "ultimate discovery" that could be alleviated by communication between counsel for both plaintiffs and defendants. Today, attorneys are often faced with multitudinous interrogatories, requests for admissions, depositions, and the like that often render it difficult to meet the deadlines imposed by the court rules. I acknowledge that the court rule involved herein is necessary to control the progression of a case and that the trial court ruled properly. However, I believe that even a minimum of communication, such as a mere telephone call inquiring into the status of the answers, or a request for an extension of time, between attorneys, although adversaries, could alleviate incidents like the one that occurred here.