# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE JOHNSON,

Plaintiff-Appellee,

v

AMERICAN COUNTRY INSURANCE
COMPANY,

Defendant,

and

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
November 19, 2015

No. 323394
Oakland Circuit Court
LC No. 2013-137328-NI

Before: SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

PER CURIAM.

Defendant, Auto-Owners Insurance Company (Auto-Owners), appeals by leave granted[1] an order denying, in part, Auto-Owners's motion for summary disposition in this action for uninsured/underinsured motorist benefits. We reverse and remand for entry of an order granting summary disposition to Auto-Owners on plaintiff's claims for uninsured/underinsured motorist benefits.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of an automobile accident involving a taxicab, in which plaintiff was a passenger, and a pickup truck. The driver of the pickup truck did not stop after the accident and was never identified. Plaintiff was not insured in her own name, but claimed entitlement to benefits under a no-fault insurance policy that Auto-Owners had issued to plaintiff's parents. At

---

[1] *Johnson v American Country Insurance Company*, unpublished order of the Court of Appeals, entered October 22, 2014 (Docket No. 323394).

the time of the accident, plaintiff's parents were named insureds on the policy, and their home address was listed as the residence on the policy; plaintiff was not a named insured on the policy.

The relevant portion of the policy provides as follows with respect to uninsured motorist coverage:

> (1) **We** will pay compensatory damages, including but not limited to loss of consortium, **you** are legally entitled to recover from the owner or operator of an **uninsured automobile** because of **bodily injury you** sustain:
>
> (a) When **you** are not **occupying** an **automobile** that is covered by **SECTION II – LIABILITY COVERAGE** of the policy; or
>
> (b) When **occupying** an **automobile you** do not own which is not covered by **SECTION II – LIABILITY COVERAGE** of the policy.
>
> (2) The coverage extended in **2.b.(1)** immediately above is also extended to a **relative** who does not own an **automobile**.

The policy has the same provision for underinsured motorist coverage, except the word "underinsured" appears in place of "uninsured." The policy defines "relative" as follows:

> Relative means a person who resides with you and who is related to you by blood, marriage or adoption. Relative includes a ward or foster child who resides with you.

Plaintiff sustained bodily injuries in the accident. Plaintiff filed an action for declaratory relief and monetary damages, alleging that Auto-Owners had refused to provide plaintiff uninsured/underinsured and personal injury protection benefits (PIP benefits).[2] During discovery, plaintiff admitted in her answers to Auto-Owners's requests for admission that, on the date of the accident, she did not reside at her parent's address and that she resided at a different address with her fiancé:

> 2. Please admit that you resided at 13066 Lulu, Ida, Michigan 48140 with your fiancé on the date of the accident described in your Complaint.
>
> ANSWER:
>
> Admit.
>
> 3. Please admit that you did not reside at 17766 Ida Center Rd., Petersburg, MI 49270 on the date of the accident described in your Complaint.

---

[2] Plaintiff's claims against defendant American Country Insurance Company, the taxicab insurer, are related to the provision of PIP benefits and are not at issue in this appeal.

ANSWER:

Admit.

At a later deposition, plaintiff specifically affirmed these admissions. However, she also stated that at the time of the accident she was "transitioning out of" her parents' home and into her fiancé's home in anticipation of their marriage and that she lived at her parents' home two to three nights a week and lived at her fiancé's home the rest of the week.

Auto-Owners moved for summary disposition pursuant to MCR 2.116(C)(10), claiming, in part,[3] that given plaintiff's admission that she did not reside with her parents at the time of the accident, she was not a "relative" as defined in the policy and was thus not entitled to coverage. The trial court denied Auto-Owners's motion with respect to plaintiff's claim for uninsured/underinsured benefits, finding that a question of fact existed as to plaintiff's place of residence on the date of the accident. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's denial of a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). We review the record in the same manner as the trial court to determine whether the movant was entitled to judgment as a matter of law. *Morales v Auto-Owners Ins*, 458 Mich 288, 294; 582 NW2d 776 (1998). Summary disposition may be granted when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake County*, 493 Mich 167, 175; 828 NW2d 634 (2013). Review is limited to the evidence that had been presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

---

[3] The trial court granted Auto-Owners's motion for summary disposition on plaintiff's claim for PIP benefits because she was not domiciled with her parents at the time of the accident. The question of plaintiff's "residence" was not at issue in that claim; rather, plaintiff's "domicile" under the no-fault act was at issue. Under MCL 500.3114(1), a PIP policy applies to the named insured, that person's spouse, and a relative of either *domiciled* in the same household. (Emphasis added.) The Michigan Supreme Court held in *Grange Ins Co v Lawrence*, 494 Mich 475, 495; 835 NW2d 363 (2013), that a person may only have one domicile. Auto-Owners argued that plaintiff's claim for PIP benefits should be dismissed because she was domiciled with her fiancé and not her parents at the time of the accident. The trial court agreed and granted that part of the motion. Plaintiff's claim for PIP benefits is not at issue in this appeal.

III. ANALYSIS

Auto-Owners argues that the trial court erred when it failed to give conclusive effect to plaintiff's admission that, on the date of the accident, she did not reside with her parents, and therefore when it found a genuine issue of material fact regarding plaintiff's place of residence. We agree.

MCR 2.312 governs requests for admission and provides in relevant part, "[a] matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission." MCR 2.312(D)(1). MCR 2.312(A) permits a request to admit to address the application of law to facts.

MCR 2.312 also "concerns the distinction between 'judicial' admissions and 'evidentiary' admissions." See *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 419-421; 551 NW2d 698 (1996). Admissions under MCR 2.312 are judicial admissions, which are formal concessions in pleadings that "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.*, quoting 2 McCormick, Evidence (4th ed), § 254, p 142, n 11. By contrast, "evidentiary" admissions are admissions of a party opponent that are admissible as proof of disputed issues under MRE 801(d)(2). *Radtke*, 453 Mich at 419.

The effects of judicial and evidentiary admissions are significantly different. *Id.* Although both types of admissions are subject to admissibility objections at trial, the trial court cannot disregard a judicial admission unless there has been a formal withdrawal or amendment allowed by the court after the filing of a motion. *Hilgendorf v St John Hosp & Med Ctr Corp*, 245 Mich App 670, 689-690; 630 NW2d 356 (2001); MCR 2.312(D)(1). Judicial admissions may serve as the basis for summary disposition. *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).

In this case, plaintiff's answers in response to Auto-Owners's requests for admission are judicial admissions. MCR 2.312(D)(1). By responding "[a]dmit" to the fact that on the date of the accident she resided at her fiancé's address, and that she did not reside at her parents' address, she formally conceded that she resided with her fiancé at the time of the accident and not with her parents, thereby withdrawing the fact of her place of residence as an issue in the case and dispensing with the need for Auto-Owners to prove that fact. See *Radtke*, 453 Mich at 419-421. Because her answers were judicial admissions, they were binding, and the trial court was not permitted to disregard them unless plaintiff formally withdrew or amended her answers after filing a motion. *Medbury*, 190 Mich App at 554; MCR 2.312(D)(1).

Plaintiff argues that, notwithstanding her admissions, her later deposition testimony—explaining that she also resided part-time in her parents' home—created a question of fact about her residence. Plaintiff refers this Court to our Supreme Court's holding in *Grange Ins Co v Lawrence*, 494 Mich 475, 495; 835 NW2d 363 (2013), which determined that it is permissible for a person to have more than one residence. Additionally, plaintiff relies on MCR 2.116(G)(5) to support her contention that the trial court properly considered both her deposition testimony and her responses to plaintiff's requests for admission to determine whether a question of fact about plaintiff's place of residence existed. However, while MCR 2.116(G)(5) requires

consideration of affidavits, pleadings, depositions, admissions, and documentary evidence submitted or filed in the action when ruling on a summary disposition motion under MCR 2.116(C)(10), the court rule does not defeat the effect of a judicial admission under MCR 2.312. See MCR 1.103; see also *Haliw v City of Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005). Moreover, plaintiff cites no authority for the proposition that judicial admissions are in fact subject to contradiction by deposition testimony. Accepting that proposition would undermine the purpose of judicial admissions as well as the procedure for amendment of admissions provided in the court rules. *Medbury*, 190 Mich App at 554; MCR 2.312(D)(1).

MCR 2.312 applies to conclusively establish admitted facts. Because judicial admissions are not subject to counter-proof, the trial court incorrectly considered plaintiff's additional deposition testimony. Given plaintiff's admissions regarding her place of residence, and plaintiff's failure to seek to withdraw or amend those admissions,[4] there can be no dispute that she was not a "relative" under the policy. Accordingly, the trial court erred when it found that a genuine issue of material fact existed as to plaintiff's place of residence and denied Auto-Owners's motion for summary disposition on plaintiff's claim for uninsured/underinsured motorist benefits.

Reversed and remanded for entry of an order granting summary disposition to Auto-Owners on plaintiff's claims for uninsured/underinsured motorist benefits under the policy. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra

---

[4] MCR 3.12(D)(1) provides that "on motion" a trial court may permit, "for good cause," a party to withdraw or amend an admission. In this case, plaintiff never made a motion to withdraw or amend her admissions. Nor does plaintiff, on appeal, argue that there would have been "good cause" for the trial court to allow her to withdraw or amend her admissions, or that the trial court in effect impliedly allowed her to withdraw or amend her admissions; rather, she argues only that a question of fact exists regarding her residence when her admissions are considered with other documentary evidence submitted at the summary disposition hearing. We decline to assume that the trial court would have found "good cause" where plaintiff never sought to demonstrate it, or to strip the court rules of their effectiveness by negating the necessity of following the very procedures they outline.