# STATE OF MICHIGAN

# COURT OF APPEALS

DARREEN ZIRKER and NORMAN WEST,

        Plaintiffs-Appellants,

v

AUTO-OWNERS INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
July 19, 2016

No. 326129
Wayne Circuit Court
LC No. 14-009743-NF

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendant. We affirm.

On August 16, 2013, plaintiff Zirker was driving her vehicle and was accompanied by plaintiff West in the passenger seat. As Zirker waited at a stop sign, the vehicle in front of her went into reverse and crashed into her car before pulling forward and driving away. Zirker's vehicle was insured by defendant at the time of the accident. When Zirker and West applied for personal injury protection (PIP) benefits, defendant denied the request.

On July 29, 2014, plaintiffs filed the instant suit against defendant seeking PIP benefits. In response, defendant filed an answer, a request for admissions, and interrogatories on August 26, 2014. In its request for admissions, defendant asked plaintiffs to admit that they were not making claims for outstanding medical expenses, wage losses, outstanding replacement services, or payment for attendant care. After plaintiffs failed to respond within the 28 day period mandated by MCR 2.312, defendant moved, on October 14, 2014, to have its request for admissions deemed admitted. The trial court held a hearing on October 31, 2014, to address defendant's motion. At the hearing, the court stated that it had not received a response from plaintiffs regarding defendant's motion. The court subsequently granted defendant's motion.

Counsel for plaintiffs filed answers to defendant's request for admissions immediately after the October 31, 2014 hearing. In their answers, plaintiffs simply stated with regard to each request for admission, "Unknown at this time. I am claiming all benefits I am entitled to under Michigan's No-Fault Act." On November 12, 2014, defendant filed a motion for summary disposition on the basis of plaintiffs' deemed admissions. In response, plaintiffs filed a motion to amend their deemed admissions on November 14, 2014. Plaintiffs argued that they had good

-1-

cause to amend their admissions because they did not receive defendant's motion to have the request for admissions deemed admitted. They also contended that they served defendant with their responses to defendant's discovery request on October 30, 2014, which was one day before the hearing on defendant's motion to deem the requests for admissions admitted. They further argued that most, if not all, of the questions defendant asked in its discovery request were answered during plaintiffs' depositions on October 14, 2014.

The trial court subsequently held a hearing on November 21, 2014, and denied plaintiffs' motion, reasoning that the requests were already deemed admitted 28 days after they were received by plaintiffs. During the hearing, plaintiff's attorney contended that there was an issue with his computer system, and his office did not receive the motion to deem the request for admissions admitted. On December 5, 2014, the trial court held a hearing on defendant's motion for summary disposition. After hearing from both parties, the court entered an order granting defendant's motion. The court noted that deemed admissions can serve as the basis for granting a motion for summary disposition. It is from this order that plaintiffs appeal.

Plaintiffs argue that the trial court erred when it granted defendant's motion for summary disposition on the basis of their failure to timely respond to defendant's request for admissions. We disagree.

We review "de novo a decision to grant or deny a motion for summary disposition. Summary disposition under MCR 2.116(C)(10) is appropriately granted where no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law." *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 489-490; 835 NW2d 363 (2013) (citations omitted). This Court reviews a "motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A trial court's decision to permit a party to amend its admissions is reviewed for an abuse of discretion. *Bailey v Schaaf*, 293 Mich App 611, 620; 810 NW2d 641 (2011), vacated in part on other grounds 494 Mich 595 (2013). "A trial court abuses its discretion when it selects an outcome that falls outside the range of principled outcomes." *Id*.

MCR 2.312(A) allows a party, within the time for completion of discovery, to serve an opposing party with "a written request for the admission of the truth of a matter within the scope of MCR 2.302(B) stated in the request that relates to statements or opinions of fact or the application of law to fact, including the genuineness of documents described in the request." MCR 2.312(B)(1) provides, in relevant part, that "[e]ach matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter."

However, MCR 2.312(D)(1) provides potential relief for a party that has failed to timely respond to a request for admissions. The court rule provides, in part, that "[a] matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission. For good cause the court may allow a party to amend or withdraw an admission." MCR 2.312(D)(1). "[T]he admissions resulting from a failure to answer a

-2-

request for admissions may form the basis for summary disposition." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).

This Court has held that the trial court must balance three factors when determining whether to allow a party to file late answers to a request for admissions. *Janczyk v Davis*, 125 Mich App 683, 692; 337 NW2d 272 (1983). The court must first consider "whether or not allowing the party to answer late 'will aid in the presentation of the action.' In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits." *Id*. (citation omitted). This Court held that this factor weighs against granting summary disposition. *Id*. Next, the trial court should consider whether the requesting party would suffer any prejudice if the court were to allow a late answer. *Id*. Finally, "the trial court should consider the reason for the delay: whether or not the delay was inadvertent." *Id*. at 692-693.

This Court's decision in *Janczyk* concerned motions to file *late* answers to a request for admissions, as opposed to motions to amend the admissions. See *Bailey*, 293 Mich App at 622; *Janczyk*, 125 Mich App at 692. However, this Court in *Bailey* considered the *Janczyk* factors in determining whether the trial court abused its discretion in permitting the amendment of responses to a request for admissions. *Bailey*, 293 Mich App at 622-623. We likewise consider them in the present case.

We conclude that the trial court did not abuse its discretion in denying plaintiffs' motion to amend their responses to the request for admissions. With regard to the *Janczyk* factors, the first factor weighs in favor of plaintiffs. The admissions in question effectively ended this case. By not responding to the requests, plaintiffs admitted that they did not have any claims for medical expenses, wage loss, replacement services, or attendant care. These claims were the entire basis for their suit against defendant. Without these claims, the trial was eliminated on the merits. The second factor also weighs in favor of plaintiffs. At the time the trial court deemed the requests admitted, there were still several months remaining until the end of discovery. In addition, defendant had already deposed both plaintiffs on October 14, 2014. Therefore, defendant would not have been prejudiced by allowing plaintiffs to amend their admissions.

The final factor requires this Court to determine whether the delay in responding to the request for admissions was inadvertent. In this case, the record indicates that the delay was not inadvertent. While counsel for plaintiffs points to a technological error for his failure to respond to defendant's October 14, 2014 motions to compel and to deem admitted the request for admissions, this is irrelevant to the issue at hand. The issue is whether the failure to respond to the request for admissions 28 days after the request for admissions were filed was inadvertent or intentional. The answers to the request for admissions were delayed over one month after the 28-day deadline, and plaintiffs did not serve defendant with the answers to the request for admissions until after defendant filed a motion to deem the request for admissions admitted.[1]

---

[1] Even when plaintiffs responded to the request for admissions, their responses did not answer defendant's questions. With regard to the request to admit that plaintiffs were not making a claim for outstanding medical expenses, plaintiffs both responded, "Unknown at this time. I am claiming all benefits I am entitled to under Michigan's No-Fault Act." With regard to the second

Plaintiffs' attorney failed to provide a valid reason for the delay. In fact, plaintiffs' attorney provided absolutely no reason for the delay during the hearing on the motion to deem the request for admissions admitted. On appeal, plaintiff's attorney asserts that he was unable to answer the discovery requests because they were extensive. However, a review of the request for admissions shows that there were only four requests for each plaintiff. Furthermore, plaintiffs' attorney never requested a time extension, which undermines his argument that the failure to respond was inadvertent because of time constraints. The conduct of counsel throughout this case demonstrates a pattern of egregious neglect and includes the failure to respond to the request for admissions in a timely manner, the failure to respond to the motion to have the request for admissions deemed admitted, the failure to file a response to the request for admissions before the hearing on the motion to deem the request for admissions admitted, and the failure to appear at the hearing on the motion for reconsideration of the trial court's decision on defendant's motion for summary disposition. This pattern of neglect strongly indicates that the delay was intentional, rather than merely inadvertent. Accordingly, we conclude that the trial court's decision fell within the range of principled outcomes.

Although the first two *Janczyk* factors weigh in favor of plaintiffs, the third factor weighs heavily in favor of defendant. Ultimately, the trial court concluded that plaintiffs lacked good cause to merit an amendment of their admissions, and we conclude that the trial court's decision did not constitute an abuse of discretion. The trial court properly granted summary disposition in favor of defendant because plaintiffs admitted that they had no claim for PIP benefits, and there remained no genuine issue of material fact.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark T. Boonstra

---

request to admit that plaintiffs were not making a claim for work loss benefits, plaintiffs responded, "Unknown at this time. I am claiming all benefits I am entitled to under Michigan's No-Fault Act." With regard to the third request to admit that plaintiffs were not claiming replacement services, plaintiffs responded, "Unknown at this time. I am claiming all benefits I am entitled to under Michigan's No-Fault Act." Finally, with regard to the fourth request to admit that plaintiffs were not seeking payment for attendant care, the response was, "Unknown at this time. I am claiming all benefits I am entitled to under Michigan's No-Fault Act." These were canned responses that did not answer the questions raised in the request for admissions. Thus, plaintiffs did not attempt to answer the questions raised in the request for admissions. Furthermore, plaintiffs' depositions were conducted before they filed their answers, and plaintiffs were able to provide more specific answers based on the discovery to date.