# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH LIPSON,

       Plaintiff-Appellant,

v

GRANGE INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
October 13, 2016

No. 328058
Oakland Circuit Court
LC No. 2014-141289-NF

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

The circuit court summarily dismissed this first-party no-fault action based on facts deemed admitted when plaintiff Kenneth Lipson failed to respond to requests for admission. Lipson contends that the circuit court abused its discretion in failing to accept the responses he filed some five months after they were due. Because Lipson never filed a motion seeking to withdraw his initial admissions or proffered good cause for his tardiness, he has forfeited any relief. We affirm.

I

In June 2014, Lipson filed a complaint averring that he had sustained multiple injuries in a 2013 motor vehicle accident and had incurred medical bills, lost wages, costs for replacement services and attendant care, and medical mileage expenses. The complaint asserted that Lipson had provided or planned to supply defendant Grange Insurance Company with "[r]easonable proof for full payment of all personal protection insurance [PIP] benefits," but Grange "has refused to pay or is expected to refuse to pay in the future." Grange's answer neither admitted nor denied the allegations, leaving Lipson to his proofs.

On August 4, 2014, Grange served Lipson's counsel with seven requests for admission under MCR 2.312. The first request sought Lipson's admission that he "is not seeking payment for medical expenses from Defendants [sic] as a result of the motor vehicle accident that occurred on June 10, 2013." The next five requested admissions substituted another form of PIP benefit for "medical expenses." The seventh requested admission stated: "Admit that all no-fault benefits to which Plaintiff is entitled for expenses incurred between the date of this motor vehicle collision and the present have been paid by Defendants." In other words, the requested admissions negatived the existence of any facts purportedly underlying Lipson's PIP claims.

-1-

The 28-day response period provided under MCR 2.312(B)(1) expired without a response from Lipson.

Lipson's counsel eventually responded to the requests for admission—on January 30, 2015. All seven were denied without further elaboration. Grange filed an "objection" to Lipson's responses, pointing out that they were late. Grange followed up with a motion for summary disposition under MCR 2.116(C)(8) and (10) and MCR 2.312(B)(2), citing Lipson's admissions that he was not entitled to no-fault benefits and asserting that Lipson had committed other discovery abuses warranting dismissal of the case. Lipson conceded that his admission-request responses were late, but emphasized that the court had discretion to allow them. However, he did not file a brief or move to withdraw the deemed admissions. Instead, Lipson filed amended responses to the admissions, denying each as "untrue."

When the parties appeared before the circuit court for oral argument, the court declined to hear from counsel and issued a bench ruling that Lipson "fail[ed] to provide any evidence in support of [his] claims and has failed to diligently pursue the case, including failing to participate in the discovery process. Essentially," the court concluded, "plaintiff has failed to present evidence that supports his position that the defendant improperly withheld or failed to pay PIP benefits owed to plaintiff." The circuit court denied Lipson's request for reconsideration.

II

Lipson contends that the circuit court abused its discretion by refusing to permit his late responses to Grange's requested admissions and by granting summary disposition based on the requests for admissions. We review de novo a circuit court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Similarly, we review de novo issues of court rule interpretation and application. *Bullington v Corbell*, 293 Mich App 549, 554; 809 NW2d 657 (2011). A circuit court's rejection of late answers to requests for admission is subject to review for an abuse of discretion. *Bailey v Schaaf*, 293 Mich App 611, 620; 810 NW2d 641 (2011), vacated in part on other grounds 494 Mich 595 (2013). An abuse of discretion occurs when the decision falls outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

III

MCR 2.312(A) permits a party to serve another party with "a written request for the admission of the truth of a matter" relevant to the proceedings, which "relates to statements or opinions of fact or the application of law to fact[.]" MCR 2.312(B)(1) provides that "[e]ach matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter." Admissions made or deemed as such under MCR 2.312 are "judicial admissions" which are "conclusive in the case," and not "subject to contradiction or explanation." *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420-421; 551 NW2d 698 (1996) (quotation marks and citations omitted). "Further, the admissions resulting from a failure to answer a request for admissions may form the basis for summary disposition." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).

-2-

Lipson did not exercise his right to seek allowance for a longer time in which to file his responses to the requested admissions, as he could have done via MCR 2.312(B)(1). Absent such an extension, the subject matters of Grange's requests were automatically deemed admitted when the 28-day period expired without any response from Lipson. By our calculation, Lipson had until September 1, 2014 to address Grange's requests. After that date, Lipson's opportunity to seek relief from the deemed admissions was limited to filing a motion requesting permission to withdraw his admissions and setting forth good cause for his delay. MCR 2.312(D)(1).

Lipson insists that before treating the admissions as dispositive the circuit court was obligated to apply the three factors this Court set forth in *Janczyk v Davis*, 125 Mich App 683, 692-693; 337 NW2d 272 (1983):

> First, whether or not allowing the party to answer late will aid in the presentation of the action. In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits. Obviously, this factor militates against granting summary judgment. Second, the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer. Third, the trial court should consider the reason for the delay: whether or not the delay was inadvertent. [Quotation marks and citations omitted.][1]

Lipson misapprehends the manner in which MCR 2.312 operates.

When Grange served Lipson with the requests for admission, the 28-day clock started running. MCR 2.312(B)(1). When he failed to act within 28 days, the admissions were "deemed admitted." But Lipson had another chance to salvage his case. A matter deemed admitted under the rule "is conclusively established *unless* the court *on motion* permits withdrawal or amendment of an admission." MCR 2.312(D)(1) (emphasis added). The court rule contemplates that a court may allow the amendment or withdrawal of an admission "[f]or good cause." *Id*. As Lipson points out in his brief, this Court has not hesitated to reverse a trial court when good cause was demonstrated but relief withheld.

Absent a motion or a showing of good cause, however, Lipson could not simply sidestep the consequences of his inaction during the 28-day period. If filing late admissions without leave of court sufficed to withdraw admissions deemed binding, MCR 2.312(D)(1) would be nullified and the central purpose of MCR 2.312—to nail down facts and weed out uncontested issues well in advance of trial—would fall to the wayside. Without a motion or a proffer of good cause, it was not an abuse of discretion for the circuit court to deem the matters admitted and to consider them in granting summary disposition for Grange.

Even were we to generously construe Lipson's response to Grange's motion for summary disposition as a motion under MCR 2.312(D)(1), Lipson has offered nothing in the way of good cause for the withdrawal of his admissions. Although Lipson insists that his late response was

---

[1] Although *Janczyk* was decided under GCR 1963, 312.2 rather than MCR 2.312(D)(1), the "good cause" standard remains the same.

the fault of "a single rogue attorney" (there is no affidavit to this effect) and that he should not be held responsible for the inactions of counsel, this does not amount to "good cause." Lipson has provided no information regarding the circumstances giving rise to the delay, foreclosing a court's ability to determine whether any reasonable excuse actually exists.

Lipson's final argument is that Grange has "unclean hands" because it failed to respond to requests for admission that Lipson propounded on August 14, 2014. The doctrine simply does not apply. When September 1, 2014 passed with no response from Lipson, Grange had the right to conclude that Lipson's inaction was deliberate, as Lipson had given no indication to the contrary. At that point, the case was over. Given that Lipson bore the burdens of proof and production, his admissions that no facts existed to support his claims rendered Grange's responses pointless.

We affirm.

/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

-4-