# STATE OF MICHIGAN

# COURT OF APPEALS

TAMARA FILAS,

      Plaintiff-Appellant,

UNPUBLISHED
August, 1, 2017

v

DARYLE SALISBURY,

      Defendant-Appellee.

No.  331458
Wayne Circuit Court
LC No.  15-002158-NM

Before:  GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying her motion to strike defendant's answer and affirmative defenses, denying her motion for default judgment, and granting defendant's motion for summary disposition.  We affirm.

This is a legal malpractice case involving the representation of plaintiff by defendant in a personal injury protection benefits and third-party tort case ("underlying lawsuits"), arising out of a 2010 motor vehicle accident involving plaintiff.  Plaintiff filed her initial complaint in this matter on February 19, 2015 alleging legal malpractice, breach of contract, breach of fiduciary duties, and intentional infliction of emotional distress.  The allegations in plaintiff's complaint center around an alleged "pre-hiring" agreement with defendant regarding how her medical records would be furnished to defense counsel in the underlying lawsuits and the terms of a potential protective order.  Despite the agreement, plaintiff alleged that defendant "went behind her back and without her knowledge" and entered into a stipulated agreement (protective order) with the insurance company's attorney.  In addition, plaintiff alleged that defendant did not argue against the insurer's motion to compel plaintiff to sign medical authorizations and that this, along with defendant's agreement regarding the protective order, was a breach of the "pre-hiring agreement."  Plaintiff alleged that she could have prevailed in the underlying lawsuits if defendant would not have mishandled the protective order and refused to argue against using the authorizations.

Defendant was served on May 19, 2015, but the proof of service was not properly entered in the trial court computer system resulting in this case being administratively dismissed on June 2, 2015.  Defendant filed his answer on June 15, 2015.  Plaintiff moved to set aside the order of dismissal, and on August, 26, 2015 the trial court granted her motion and ordered that defendant re-file his answer and any discovery requests.  On September 1, 2015, defendant served requests

for admission and interrogatories on plaintiff. Defendant re-filed his answer on October 15, 2015 along with a motion for summary disposition alleging that because plaintiff had not responded or objected to his requests for admissions they were deemed admitted and that because of those admissions, plaintiff could not prevail on the allegations in her complaint. Plaintiff filed a motion for a default judgment pursuant to MCR 2.603(B)(3) on November 11, 2015. In that motion, plaintiff alleged that defendant's failure to file his answer within 21 days after the trial court re-instated her case entitled her to a default judgment against defendant. Plaintiff did not move for an entry of default under MCR 2.603(A) prior to filing her motion for a default judgment. Plaintiff also moved to strike defendant's answer to her complaint. On January 19, 2016, the trial court entered an order denying plaintiff's motion to strike defendant's October 15, 2015 answer, denying plaintiff's motion for a default judgment, and granting defendant's motion for summary disposition.

Plaintiff first argues that the trial court erred in denying her motion to strike defendant's October 15, 2015 answer.[1] Plaintiff argues that because defendant did not file his answer within 21 days after the trial court reinstated her case that the answer should be stricken so that she can pursue a default judgment. MCR 2.108(A)(1) provides that an answer must be filed "within 21 days after being served with the summons and a copy of the complaint." Additionally, MCR 2.115(B), concerning motions to correct or strike pleadings, states in part that a court "may strike all or a part of a pleading not drawn in conformity with" the court rules.

After the trial court reinstated this case, it did not specifically provide a new time frame for defendant to re-file his answer. Defendant had previously filed his answer while the case was administratively dismissed. It appears from the record that the reason the trial court ordered defendant to re-file his answer was because plaintiff had not timely filed her response to the affirmative defenses in defendant's answer because she was operating under the impression that she could not do so while the case was administratively dismissed. The trial court, therefore, ordered defendant to re-file his answer so that the time frame during which plaintiff would be required to respond would not begin to run until after the re-filing of defendant's answer. Thus, it is clear from the record that the trial court's motivation behind ordering defendant to re-file his answer was for plaintiff's benefit, not to punish defendant. Given the procedural posture of this case at the time of the trial court's order reinstating it and the reasons behind that order, its decision to deny plaintiff's motion to strike defendant's answer was not an abuse of discretion.

Plaintiff next argues that the trial court erred in denying her motion for a default judgment.[2] Plaintiff's confusion regarding the trial court's rationale for denying her motion is based on her failure to understand the difference between moving to default an opposing party under MCR 2.603(A) and moving for a default judgment against an already defaulted party under MCR 2.603(B). An entry of default operates as an admission by the party being defaulted

---

[1] We review a motion to strike a pleading for an abuse of discretion. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003).

[2] We review the trial court's decision to enter a default for an abuse of discretion. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003).

that there are no issues of liability, and, then after the entry of default has been entered, the non-defaulted party can then move for a default judgment under either MCR 2.603(B)(2) or (B)(3), to resolve the issue of damages. *Perry v Perry*, 176 Mich App 762, 767-768; 440 NW2d 93 (1989), overruled in part on other grounds by *Draggo v Draggo*, 223 Mich App 415, 425-427; 566 NW2d 642 (1997). Although the trial court used the term "default application" it is clear from the context that what the trial court meant was that it could not enter a default judgment against defendant because there had been no entry of default against him. As plaintiff never moved to have defendant defaulted, she could not obtain a default judgment.

Moreover, although defendant's answer may not have been timely, it was filed well before plaintiff moved for a default judgment. Therefore, even if plaintiff's motion had been considered a motion for default as opposed to a motion for a default judgment, defendant could not have been in default at that time because it was filed prior to plaintiff's motion seeking to default defendant. See *Rood v McDonald*, 303 Mich 634, 636-637; 7 NW2d 95 (1942) (stating that when a defendant entered an appearance one day late he was not in default because the plaintiff had not yet moved to enter a default against him). The trial court did not err in denying plaintiff's motion for a default judgment.

Plaintiff next argues that the trial court improperly granted summary disposition in favor of defendant.[3] Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). While the trial court did not specify under which sub-rule it granted defendant's motion, the substance of its ruling, which relied on admissions made by plaintiff due to her failure to respond to discovery requests, signifies that the motion was granted under MCR 2.116(C)(10).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Summary disposition "is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). The trial court did not err in granting defendant's motion for summary disposition. Plaintiff failed to timely respond to defendant's request for admissions, and, therefore, all of the requests were deemed admitted. MCR 2.312, which governs requests for admissions, states in part:

**(B) Answer; Objection.**

(1) Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. Unless the court orders a shorter time a defendant may serve an answer or objection within 42 days after being served with the summons and complaint.

---

[3] "This Court reviews de novo a trial court's decision on a motion for summary disposition." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008).

* * *

**(D)  Effect of Admission.**

(1)  A matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission.  For good cause the court may allow a party to amend or withdraw an admission.  The court may condition amendment or withdrawal of the admission on terms that are just.

"Where a party served with a request for admissions neither answers nor objects to the request, the matters in the request are deemed admitted." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).  "Further, the admissions resulting from a failure to answer a request for admissions may form the basis for summary disposition." *Id.*

The record in this appeal shows that plaintiff did not respond to defendant's request for admissions within the 28-day period of time provided in MCR 2.312.  In addition, plaintiff did not object to the form or content of the request and, although arguably she sought an extension of time to answer by filing a motion for stay, that extension was denied by the trial court.  By failing to respond to defendant's request, plaintiff is deemed to have made admissions, including the following: (1) plaintiff and defendant did not have a "pre-hiring" agreement; (2) plaintiff did not want to sign the release of medical information forms because she had not been truthful to her employer about her medical condition; (3) plaintiff did not have a signed written agreement with defendant regarding the terms of the protective order; (4) plaintiff had not obtained a report or opinion from any Michigan attorney or legal expert opining that defendant's actions in the underlying lawsuits supported the claims pleaded in plaintiff's complaint; and (5) it was plaintiff herself who refused to sign the order for substitution of attorney prepared by defendant and eventually plaintiff represented herself in the underlying lawsuits.

Due to the facts deemed admitted as a result of plaintiff's failure to timely respond to defendant's request for admissions, there is no genuine issue of material fact that she would be unable to prove any of her pleaded causes of action against defendant, and summary disposition in favor of defendant was properly granted.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro