*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DUBOIS STREET CHURCH OF THE LIVING GOD, C.W.F.F.,

UNPUBLISHED
July 15, 2021

Plaintiff-Appellant,

v

CHURCH OF THE LIVING GOD,

Defendant,

and

LEROY WILLIAMS, DELOIS KENNEDY, LATRINA WILLIAMS, and CHERYL THOMAS,

Defendants-Appellees.

Nos. 354254; 355895
Wayne Circuit Court
LC No. 19-003127-CH

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In Docket No. 354254, plaintiff appeals as of right the trial court's June 25, 2020 order granting defendants' motion to dismiss plaintiff's complaint. Plaintiff argues that the trial court erred when it concluded that plaintiff was not the real party in interest. Plaintiff also argues that the trial court erred because the ecclesiastical abstention doctrine did not apply to the facts of this case. Lastly, plaintiff argues that the trial court should have granted its motion for summary disposition because defendants failed to respond to its request for admissions.

In Docket No. 355895, plaintiff appeals by leave granted[1] the trial court's subsequent September 22, 2020 order denying plaintiff's motion for summary disposition and again granting defendants' motion to dismiss. In addition to the same issues raised in Docket No. 354254,

---

[1] *Dubois Street Church of the Living God, CWWF v Church of the Living God*, unpublished order of the Court of Appeals, entered January 27, 2021 (Docket No. 355895).

-1-

plaintiff argues the trial court did not have the authority to require plaintiff to vacate the properties at issue. Plaintiff also argues the trial court abused its discretion when it denied plaintiff's motion for reconsideration.

For the reasons set forth below, we affirm in part, vacate in part, and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

In this dispute over real property in Detroit, plaintiff filed a two-count complaint against defendants asserting that defendants sold property belonging to plaintiff, the Dubois Street Church, without plaintiff's authorization or consent. Plaintiff sought relief under theories of conversion and quiet title. Defendants countered plaintiff's assertions by seeking dismissal on the basis that plaintiff was comprised of imposters who were former members of the actual Dubois Street Church that left to form a different church in 2017. Defendants presented evidence to the trial court demonstrating that they had been the officers, directors, and resident agent for the Dubois Street Church since 1978. Defendants also presented evidence showing that certain individuals, who defendants claimed were behind the lawsuit, were public about their departure from the Dubois Street Church. Plaintiff moved for summary disposition, arguing that defendants' failure to respond to its requests to admit resulted in binding admissions entitling plaintiff to judgment as a matter of law.

The trial court denied plaintiff's motion and granted defendants' motion, concluding plaintiff was not the real party in interest. These appeals followed.[2]

## II. STANDARD OF REVIEW

Defendants did not identify under what court rule they sought dismissal, and the trial court did not identify the court under which it granted defendants' motion. In circumstances where the trial court relies on documentary evidence when granting a motion for summary disposition, this Court treats the motion as having been decided under MCR 2.116(C)(10). *Krass v Tri-County Security, Inc*, 233 Mich App 661, 664-665; 593 NW2d 578 (1999).

This Court reviews de novo "a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which

---

[2] The trial court entered two orders, each granting defendants' motion to dismiss and denying plaintiff's motion for summary disposition. The multitude of orders resulted in plaintiff filing two separate appeals, which were consolidated by this Court. *Dubois Street Church of the Living God, CWWF v Church of the Living God*, unpublished order of the Court of Appeals, entered January 27, 2021 (Docket No. 355895).

reasonable minds might differ." *Id*. Issues such as whether an individual is a real party in interest, or whether the ecclesiastical abstention doctrine applies, are questions of law this Court reviews de novo. *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 354; 833 NW2d 384 (2013) ("Whether an individual is the real party in interest is a question of law that [this Court] review[s] de novo."); *Weishun v Lansing Catholic Diocese*, 287 Mich App 211, 217-218; 787 NW2d 513 (2010) ("We also review de novo the trial court's decision on the ministerial exception because this issue is a question of law.").

In addition, "[t]his Court reviews a trial court's decision to deny a motion for reconsideration for an abuse of discretion." *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

## III. DISCUSSION

The trial court determined, on the basis of the documentary evidence provided by the parties, that plaintiff was not the real party in interest, but was instead comprised of former members of the Dubois Street Church that had joined an affiliated, but legally distinct church. Specifically, the trial court stated:

> [U]pon review of the briefs of the parties, the Court found in favor of Defendants based upon the filings with the State of Michigan, naming officers, directors and resident agent of the Dubois Street Church and upon an controverted [sic] showing that the group represented by Plaintiffs [sic] here, are comprised of former members, ministers and officers of the church, that have joined Church of the Living God Riverview, an affiliate but separate and district church corporation[.]

"[T]he real-party-in-interest rule is essentially a prudential limitation on a litigant's ability to raise the legal rights of another." *In re Beatrice Rottenberg Living Trust*, 300 Mich App at 355. "A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Id*. at 356 (quotation marks and citation omitted). Generally speaking, "[a]n action must be prosecuted in the name of the real party in interest . . . ." MCR 2.201(B).[3]

Through documentary evidence, defendants demonstrated that the Dubois Street Church was formed in 1975, and continued to exist throughout the lower court proceedings. Defendants also demonstrated that the filings with the State of Michigan listed defendants as the officers, directors, and resident agent of the Dubois Street Church. These official documents were not controverted or disputed by plaintiff, other than through conclusory allegations that the documents were improperly filed with the State.

---

[3] We note that plaintiff does not dispute that the real-party-in-interest framework is appropriate to consider here, only that the trial court erred by concluding that plaintiff was not the real party in interest as a matter of law.

Defendants also presented evidence to the trial court showing that the individuals claiming to represent plaintiff were former members of the Dubois Street Church that left to start a new church at Temple #364. This evidence included social media posts from these former church members identifying the move to the new church and welcoming new members to it. Plaintiff does not dispute the authenticity of these social media posts, yet still insists that it is the real party in interest, relying on affidavits from Jonathan Harper and Carmen Harper, each of whom claim to be current trustees of the Dubois Street Church. These affidavits, however, do not create a genuine issue of material fact as to whether plaintiff is the real party in interest in that they only set forth the assertion that defendants were not entitled to sell the properties under the bylaws. There are no facts contained within the affidavits that would have provided the trial court with any ability to conclude plaintiff was, in fact, the real party in interest.

Plaintiff also argues that the trial court should have denied defendants' motion as untimely because defendants did not raise the issue in a motion filed before submitting their first responsive pleading. In other words, plaintiff contends that defendants' motion was one made under MCR 2.116(C)(5), and was therefore untimely under MCR 2.116(D)(2).[4] Under MCR 2.116(C)(5), a party may move for summary disposition on the basis that "[t]he party asserting the claim lacks the legal capacity to sue." However, plaintiff fails to acknowledge that "[o]ur Supreme Court has held that the defense that a plaintiff is not the real party in interest is not the same as the legal-capacity-to-sue defense." *Olin v Mercy Health Hackley Campus*, 328 Mich App 337, 355; 937 NW2d 705 (2019) (quotation marks and citation omitted). Nevertheless, even if defendants' motion had been made under MCR 2.116(C)(5) and was, therefore, required to be filed before answering the complaint, the trial court had the discretion to accept defendants' motion even if untimely. See MCR 2.116(D)(4) ("It is within the trial court's discretion to allow a motion filed under this subsection to be considered if the motion is filed after such period."). Thus, the trial court did not err when it concluded that, on the basis of the evidence presented to it, plaintiff was not the real party in interest. For these reasons, the trial court did not err by ruling that plaintiff was not the real party in interest.[5]

Plaintiff next argues that the trial court should have granted its motion for summary disposition for the sole reason that defendants did not respond to plaintiff's request to admit, which sought admissions that defendants were not authorized to sell the properties at issue. MCR 2.312 provides, in relevant part, as follows:

> (A) Availability; Scope. Within the time for completion of discovery, a party may serve on another party a written request for the admission of the truth of a matter within the scope of MCR 2.302(B) stated in the request that relates to

---

[4] MCR 2.116(D)(2) provides that "[t]he grounds listed in subrule (C)(5), (6), and (7) must be raised in a party's responsive pleading, unless the grounds are stated in a motion filed under this rule prior to the party's first responsive pleading."

[5] Having so concluded, we need not address plaintiff's argument concerning the ecclesiastical abstention doctrine.

statements or opinions of fact or the application of law to fact, including the genuineness of documents described in the request . . . .

(B) Answer; Objection.

(1) Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. Unless the court orders a shorter time a defendant may serve an answer or objection within 42 days after being served with the summons and complaint.

"[W]here a party served with a request for admissions neither answers nor objects to the request, the matters in the request are deemed admitted." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).

Plaintiff's flaw, however, is situated in the fact that it is not the real party in interest to pursue the litigation. As explained above, the trial court correctly determined that plaintiff was not the real party in interest to pursue claims on behalf of the Dubois Street Church. Accordingly, plaintiff was not entitled to summary disposition, regardless of whether the trial court should have considered the admissions binding, because plaintiff had no cognizable interest in the outcome. See *In re Beatrice Rottenberg Living Trust*, 300 Mich App at 355; MCR 2.201(B).

Next, in Docket No. 355895, plaintiff argues that the trial court exceeded its authority to enter the September 22, 2020 order directing plaintiff to vacate the properties at issue because (1) it had already entered an order granting defendants' motion, (2) defendant never sought relief in this form, and (3) plaintiff already filed a claim of appeal with respect to the June 30, 2020 order. However, plaintiff offers no legal authority to support its position that the trial court did not have the authority to require plaintiff to vacate the properties. "An appellant may not merely announce his or her position and leave it to this Court to discover and rationalize the basis for his or her claims." *Johnson v Johnson*, 329 Mich App 110, 126; 940 NW2d 807 (2019) (quotation marks and citation omitted). Accordingly, this Court may consider the issue abandoned on appeal. *Id*.

Even if the issue were not abandoned, plaintiff's argument is unpersuasive to the extent that it challenges the trial court's underlying authority to require plaintiff to vacate the properties. Under MCR 2.601(A), "every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings." See also *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 395; 872 NW2d 223 (2015) (concluding trial court's entry of equitable relief was not unwarranted even though the plaintiff "did not expressly request entry of an injunction or a declaratory order"). In other words, the trial court was authorized to enter relief in defendants' favor even if defendants never sought such relief. And although plaintiff filed a claim of appeal in the lower court, it did not obtain a stay of those proceedings pending appeal. See MCR 7.209(A)(1) ("Except for an automatic stay pursuant to MCR 2.614 or MCL 600.867, or except as otherwise provided under this rule, an appeal does not stay the effect or enforceability of a judgment or order of a trial court unless the trial court or the Court of Appeals otherwise orders.").

Nevertheless, it is unclear to this Court under what basis the trial court sought to vacate plaintiff, the purported Dubois Street Church, from the properties, as opposed to the individuals claiming to act on behalf of plaintiff. The trial court did not determine, for example, that title to the subject properties was properly held by one party or another. Instead, the trial court determined that the persons claiming to act on behalf of plaintiff were not the actual persons entitled to do so. Thus, the lack of a factual analysis from the trial court on this issue makes it impossible for the Court to determine whether it correctly applied the law. See *Shelby Charter Twp v Papesh*, 267 Mich App 92, 108; 704 NW2d 92 (2005) ("Without findings of fact regarding when plaintiff was first placed on notice of the . . . operation and the effect on defendants of being forced to discontinue this activity, we cannot determine whether defendants would be prejudiced so that it would be inequitable to allow plaintiff to enforce a claim to enjoin the . . . operation."). We therefore vacate that part of the trial court's order requiring plaintiff to vacate the properties at issue and remand to that court for further proceedings to address whether such relief is warranted in this case.

Lastly, plaintiff argues the trial court abused its discretion for two reasons when it denied plaintiff's motion for reconsideration. First, plaintiff contends that the trial court's order requiring it to vacate the properties was without legal basis. As discussed more fully above, we have already determined the trial court had authority under the court rules to enter relief not requested by the parties. See MCR 2.601(A).

Second, plaintiff contends that the evidence it submitted to the trial court in connection with its motion for reconsideration, including an affidavit from Tony Hines, established that it was the real party in interest. On the basis of this evidence, plaintiff asks this Court to conclude that the trial court abused its discretion when it denied plaintiff's motion.

Plaintiff fails to recognize, however, that this Court has repeatedly held that a trial court does not abuse its discretion when it declines to consider evidence that could have been raised before the motion for reconsideration but was not. See *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012) ("Ordinarily, a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided."); *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 150; 946 NW2d 812 (2019) ("The trial court does not abuse its discretion by rejecting arguments made in a motion for reconsideration that could have been made in response to the original motion."). The evidence submitted with plaintiff's motion for reconsideration all related to events that occurred before, or contemporaneous with, the filing of the complaint on March 5, 2019. Certainly, this information would have been known to plaintiff in June 2020, when the trial court initially decided the parties' competing motions. Thus, the trial court did not abuse its discretion by denying plaintiff's motion for reconsideration.

## IV. CONCLUSION

In Docket No. 354254, we affirm. In Docket No. 355895, we vacate that part of the trial court's order requiring plaintiff to vacate the properties at issue, affirm in all other respects, and

remand to that court for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro