*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY ALLEN,

      Plaintiff-Appellant,

v

VIOLA ALLEN and LEROY HARPER, JR.,

      Defendants-Appellees.

UNPUBLISHED
December 21, 2023

No. 365605
Wayne Circuit Court
LC No. 22-002277-PD

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In this action for statutory conversion, common law conversion, claim and delivery, and trespass to chattels, plaintiff appeals as of right an order granting summary disposition in favor of defendants, Viola Allen (Viola) and Leroy Harper, Jr. (Harper) (collectively "defendants"), under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand.

This case arises from the alleged theft of jewelry from a safe-deposit box. The parties contest the relevant facts. In 1988, plaintiff's father and grandmother incorporated a jewelry business. Plaintiff claims the jewelry business was established for his benefit and he owned and operated the business as vice president. According to plaintiff, in 1994, his father died and the jewelry business closed. Plaintiff was incarcerated for the murder of his father, but was released after it was determined he acted in self-defense. Plaintiff claims the safe-deposit box was established by his mother, to safely keep the jewelry owned by plaintiff, while he was incarcerated. Plaintiff signed his name to the account when released. Plaintiff commenced this action after defendants closed the account containing the safe-deposit box and retained the jewelry.

Defendants argued that Viola is the rightful owner of the jewelry. On September 13, 2022, defendants filed a request for admissions, requesting that plaintiff admit, in relevant part, he was not an incorporator of the jewelry business, never purchased any of the jewelry he claimed to own, and had no legal or possessory interest in the jewelry. Defendants also requested that plaintiff admit he stole and sold jewelry from the safe-deposit box. Finally, defendants requested that plaintiff admit Harper is not involved in this matter.

On September 30, 2022, plaintiff answered defendants' request for admissions, admitting that plaintiff did not incorporate the business, but denying all other requests. The responsive document was labeled "miscellaneous pleadings" in the register of actions. Defendants moved for summary disposition arguing, in relevant part, that plaintiff never answered defendants' request for admissions. Defendants' counsel later agreed in e-mail communications with plaintiff's counsel to withdraw the portion of the summary disposition motion regarding the request for admissions, but the trial court was never notified. Thereafter, the trial court waived oral arguments and granted defendants' motion for summary disposition based on the conclusion that plaintiff never responded to defendants' request for admissions.

Plaintiff moved for reconsideration, and attached as exhibits plaintiff's responses to defendants' request for admissions and the e-mail communications indicating defendants' counsel's withdrawal of that portion of the summary disposition motion. The trial court denied plaintiff's motion for reconsideration. This appeal followed.

Plaintiff contends on appeal the trial court erred in granting summary disposition under MCR 2.116(C)(10) based on its incorrect conclusion that plaintiff failed to respond to defendants' request for admissions. We agree.

We review a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Interpretation of a court rule is a question of law that this Court also reviews de novo. *CAM Const v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

Under MCR 2.312, a party served with a request for admissions may:

> concede the matter either by express admission or by doing nothing, in which event the matter is deemed admitted after a specified period. The party also may deny the matter, in whole or in part, explain why it neither can admit nor deny the matter, or object to the request. [*Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 419; 551 NW2d 698 (1996) (footnotes omitted).]

Answers or objections to admissions must be filed "within 28 days after service of the request, or within a shorter or longer time as the court may allow. . . ." MCR 2.312(B)(1). "[W]here a party served with a request for admissions neither answers nor objects to the request, the matters in the request are deemed admitted." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991). "A matter which is admitted is considered conclusively established unless the trial court, on motion, permits withdrawal or amendment for good cause shown." *Employers Mut Cas Co v Petroleum Equip, Inc*, 190 Mich App 57, 62; 475 NW2d 418 (1991), citing MCR 2.312(D)(1).

"Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "[T]he court rule governing motions for summary disposition, MCR 2.116, expressly allows a motion brought under subsection [(C)](7) or (10) to be supported by affidavits, depositions, *admissions*, or other documentary evidence." *Employers Mut Cas Co*, 190 Mich App at 62, citing MCR 2.116(G). "[T]he admissions

resulting from a failure to answer a request for admissions may form the basis for summary disposition." *Medbury*, 190 Mich App at 556.

In this case, the trial court erred by granting summary disposition based on its incorrect conclusion that plaintiff never responded to defendants' admission requests. Because plaintiff filed a timely response, denying most of defendants' requests as untrue,[1] it was improper for the trial court to conclude the requests were admitted. It follows that the trial court also abused its discretion by denying plaintiff's motion for reconsideration after incorrectly concluding that plaintiff failed to timely respond to defendants' request for admissions. See *In re Ingham Co Treasurer for Foreclosure*, 331 Mich App 74, 77; 951 NW2d 85 (2020).

Defendants argue that even if the trial court erred regarding the admissions, this Court should still affirm the trial court's order granting summary disposition under MCR 2.116(C)(10) because plaintiff failed to produce evidence proving that he owned the alleged stolen jewelry. However, the trial court did not address this issue and the record is insufficient to allow for its proper consideration on appeal. See *Hines v Volkswagen of Am, Inc*, 265 Mich App 432, 443-444; 695 NW2d 84 (2005).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

---

[1] Plaintiff's only admission was that he was not the initial incorporator of the business. Plaintiff stated, however, that he inherited the business and all of its assets.